IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


| | | |
|---|---|---|
| JESSE COOLEY, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 05-0089-WS-C |
| ALABAMA DEPT. OF MENTAL HEALTH and MENTAL RETARDATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a handwritten complaint together with motions to proceed without prepayment of fees (Docs. 2, 3) and motions for appointment of counsel (Docs. 1, 4). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1) on plaintiff's motions.[1] Because plaintiff filed a motion to proceed without prepayment of fees, he subjected this action to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). Thereupon, the undersigned conducted a hearing on September 30, 2005 for the purpose of

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as plaintiff's motion to proceed without prepayment of fees and motions for appointment of counsel, to a Magistrate Judge for hearing and determination.

ascertaining plaintiff's claims in his complaint and his need for counsel (Doc. 5). Plaintiff was present for the hearing and responded appropriately to the Court's questions. Upon consideration of the information contained in the complaint and obtained from plaintiff during the hearing, it is the undersigned's recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous prior to service of process.

**I. Screening Under 28 U.S.C. § 1915(e)(2)(B).**

The Court is required pursuant 28 U.S.C. § 1915(e)(2)(B)(i-iii)[2] to dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. A claim "is frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

**II. Analysis.**

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

**A. Jurisdiction.**

In the complaint, plaintiff has not specified a basis for this Court's subject matter jurisdiction.[3] The only allegation indicating a basis for the Court's jurisdiction is a reference to the Eighth Amendment. Due to plaintiff's assertion that his Eighth Amendment rights were violated, the undersigned finds this Court has jurisdiction over this action under 28 U.S.C. § 1343(3) or 28 U.S.C. § 1331. *Fountain v. Metropolitan Atlanta Rapid Transit Auth.,* 678 F.2d 1038, 1042 & n.7 (11th Cir. 1982)(finding jurisdiction was based on 28 U.S.C. 1343(3) because the action arose under the Constitution even though plaintiff had requested a remedy under 42 U.S.C. § 1983); *Southpark Square, Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 n.2 (5th Cir.)("Although the complaint failed to cite the statute conferring jurisdiction on the district court, 28 U.S.C. § 1331 (1970), this omission will not defeat jurisdiction when the facts alleged in the complaint satisfy the jurisdictional requirements of the statute."), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). The remedial vehicle available to enforce a violation of constitutional rights by a state official is 42 U.S.C. § 1983.[4] In light of this, the Court is treating this

---

[3] A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed.R.Civ.P. 8(a)(1) (directing that a complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"). Not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated. *Id.*; *see Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980).

[4] Section 1983 provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof

action as one being brought pursuant to 42 U.S.C. § 1983. *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.) (holding that there is no right to proceed directly under the Constitution when a plaintiff can proceed under § 1983), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1978).

### B. Improper Defendant.

Plaintiff named the Alabama Department of Mental Health and Mental Retardation (hereinafter "Department of Mental Health") as the defendant. Plaintiff was given the opportunity at the hearing to identify any person whom he wanted to name as a defendant. The Department of Mental Health is the only defendant that he identified. This defendant is a department of the State of Alabama. ALA. CODE § 22-50-2 (1984).

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312,

---

> to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

105 L.Ed.2d 45 (1989). The defendant Department of Mental Health is an arm of the State of Alabama and, therefore, is not a "person" that may be sued for § 1983 purposes. Plaintiff's claims against the defendant Department of Mental Health are, therefore, frivolous as a matter of law. Moreover, the defendant Department of Mental Health cannot be sued because it has not waived its Eleventh Amendment immunity. *Cf. Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) (finding the State of Alabama and its Board of Corrections were entitled to sovereign immunity as Article I, section 4 of the Alabama Constitution, prohibited the State from being a defendant in any court).

### C. Applicability of *Respondeat Superior*.

Furthermore, a fair reading of plaintiff's claims indicates that he is attempting to hold defendant liable for the acts of an employee or employees. Plaintiff complains about the actions of Dr. Kringle, nurses, and mental health workers with whom he had contact at Searcy Hospital and Taylor Hardin Secure Medical Facility. Plaintiff alleges that his cigarettes were tampered with causing him to become ill when he smoked them, which resulted in him quitting; he was exposed to tuberculosis, which was verified by a skin test; he was not treated for high blood pressure for three years; he was threatened with being locked up in a cell if he told that his right wrist was broken; he requested to be given different or smaller amounts of medicine because he was allergic to it or the larger amounts caused him to vomit blood; the food contained roaches, which caused him not eat on occasion; and he told Dr. Kringle employees were selling drugs, which caused his

5

continued incarceration in the mental health system.

In a § 1983 action liability cannot be imposed on the basis of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 681, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). That is, an entity cannot be held liable solely for the acts of its employees. *Id.* An entity such as defendant can only be held liable if its policy or custom was the moving force behind a constitutional deprivation. *Id.* at 694-95, 98 S.Ct. at 2038. Because plaintiff is seeking to impose liability against the defendant on the basis of *respondeat superior*, the Court finds plaintiff's claims against defendant Department of Mental Health are frivolous for this additional reason.

**D.  Statute of Limitations.**

At the end of the hearing, plaintiff mentioned that an employee from a Washington, D.C., hospital told him that his claims arising from his treatment at the defendant's facilities would not be barred by the statute of limitations. This brings forward another issue in this § 1983 action. Plaintiff has dates in his complaint from 1982 to 1999. Plaintiff told the Court that he was found innocent by reason of insanity in 1981 on a charge of murder. Since that time he has been in and out of state mental health facilities and has escaped. Plaintiff stated at the hearing that he was released in 2002.

Prior to filing this action, plaintiff filed other actions with this Court. On August 22, 2000, plaintiff filed a mixed habeas and § 1983 action, *Cooley v. Sawyer,* CA 00-0860-CG-D, which was dismissed on May 16, 2002, because he did not respond to the Court's order (Doc. 38). Then, on February 14, 2002, plaintiff filed a habeas action, *Cooley v.*

*Pryor,* CA 02-0160-CG-D, which was dismissed on February 18, 2003 for failure to exhaust (Doc. 14).[5] The present action was filed on February 14, 2005.

At the hearing plaintiff claimed not to have received notice of dismissal of an unspecified action until he inquired about it. However, the Court's docket does not reflect that the Court received returned mail in plaintiff's actions. And it is the plaintiff's responsibility to advise the Court of any change in his address. Nonetheless, even though plaintiff was released in 2002, he did not file the present action until February 14, 2005. No explanation was offered for the delay in filing the present action.

The statute of limitations for a § 1983 action in Alabama is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992); ALA. CODE § 6-2-38(l). The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

---

[5]Plaintiff previously filed another unsuccessful habeas action, *Cooley v. Bartlett,* CA 85-1518- -C (S.D. Ala. June 16, 1986), which has less an effect on this action that the two more recent actions. Furthermore, a brief history of plaintiff's contacts with the judicial and mental systems is contained in the order dated February 18, 2005 in CA 02-0160-CG-D (Doc. 14).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, plaintiff apparently knew of most of his claims against defendant before his release.  For example, he complained to defendant's employees about many of the conditions that he now complains.  Notwithstanding, plaintiff filed the present action on February 14, 2005, well beyond two years from when his claims accrued against defendant.  Therefore, the present action is barred by the two-year statute of limitations and is due to be dismissed as frivolous on this alternate ground.

### III.  Conclusion.

Based upon the foregoing reasons, it is recommended that plaintiff's action against defendant Department of Mental Health be dismissed as frivolous, prior to service process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the report and recommendation.

DONE this 5th day of October, 2005.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the

findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                    s/WILLIAM E. CASSADY
                                                    UNITED STATES MAGISTRATE JUDGE